# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAUL CASSIDY,
      Appellant,

     v.

DEPARTMENT OF HOMELAND
   SECURITY,
      Agency.

DOCKET NUMBER
PH-1221-18-0223-W-1

DATE: April 12, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Paul Cassidy, South Burlington, Vermont, pro se.

Agatha Swick, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the portion of the initial decision finding that the appellant did not make a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8),

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the ultimate finding of the initial decision that the Board lacks jurisdiction over this appeal, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On January 11, 2015, the agency appointed the appellant to the excepted service position of Transportation Security Officer with the agency's Transportation Security Administration at the Burlington International Airport in Vermont. Initial Appeal File (IAF), Tab 6 at 14. The agency terminated his employment on April 2, 2015, before the completion of his 2-year trial period, due to failure to meet the designated certification standards of his position. *Id*. at 13-14, 16-18.

On September 10, 2017, the appellant filed a complaint with the Office of Special Counsel (OSC) in which he disputed the agency's stated reason for his termination. IAF, Tab 1 at 5, 8-12. In a letter dated January 10, 2018, OSC informed the appellant that it had closed its inquiry into his allegations and notified him of his right to file an IRA appeal with the Board. *Id*. at 8.

On March 12, 2018, the appellant filed an IRA appeal with the Board in which he alleged that members of management targeted, harassed, and ultimately terminated him after he voiced his concerns regarding the assignment of an incompetent mentor and the existence of inconsistencies between the national and local standard operating procedures (SOPs). IAF, Tab 1 at 6, 13, 15-18, 31, Tab 5 at 4-5. He described that the work environment was hostile due to incidents of nepotism, corruption, and sexual harassment that he purportedly witnessed or personally experienced at the agency. IAF, Tab 1 at 13-32.

The administrative judge issued an Order to Show Cause that set forth the burdens of proof for an IRA appeal and ordered the appellant to provide evidence and argument that his IRA appeal is within the Board's jurisdiction. IAF, Tab 4. In his response, the appellant reiterated his prior claims. IAF, Tab 5. Without

holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant's putative disclosures did not satisfy the Board's nonfrivolous pleading standard. IAF, Tab 7, Initial Decision (ID) at 6-9. The administrative judge explained that the appellant's allegation of SOP discrepancies lacked the required level of specificity and that the appellant had not alleged facts sufficient from which a disinterested observer could reasonably conclude that his allegation of his mentor's incompetence evidenced any category of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Id.*

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

We affirm the administrative judge's finding that the appellant did not make a nonfrivolous allegation of a protected disclosure.

Under the Whistleblower Protection Enhancement Act of 2012 (WPEA),[2] the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations[3] that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

The appellant does not challenge on review, and we discern no reason to disturb, the administrative judge's finding that, while the appellant exhausted his administrative remedies before OSC as to his putative disclosures regarding his

---

[2] The relevant events occurred after the December 27, 2012 effective date of the WPEA. Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476. Therefore, we have applied the WPEA to this appeal.

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

incompetent mentor and SOP discrepancies, he failed to make a nonfrivolous allegation that these disclosures were protected under 5 U.S.C. § 2302(b)(8). ID at 5-9; PFR File, Tab 1 at 3-4; *see Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980), (noting that, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record that demonstrates the error).

We remand the appeal to the regional office for adjudication of the appellant's perceived whistleblower claim.

Under certain circumstances, an appellant can establish jurisdiction over an IRA appeal without making a nonfrivolous allegation that he made a protected disclosure. *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 6 (2011). Specifically, an individual who is perceived as a whistleblower is still entitled to whistleblower protections, even if he has not made protected disclosures. *Id.* In such cases, the Board will focus its analysis on the agency's perceptions, i.e., whether the agency officials involved in the personnel actions at issue believed that the appellant made or intended to make disclosures that evidenced the type of wrongdoing listed under 5 U.S.C. § 2302(b)(8). *Id.*, ¶ 8. The issue of whether the appellant actually made protected disclosures is immaterial; the issue of whether the agency perceived the appellant as a whistleblower will essentially stand in for that portion of the Board's analysis in both the jurisdictional and merits stages of the appeal. *Id.*

Thus, to meet his jurisdictional burden, the appellant must show that he exhausted his remedies with OSC and make nonfrivolous allegations that the agency perceived him as a whistleblower and that such perception was a contributing factor in the decision to take or not take the personnel action at issue. *Id.*, ¶ 9. If the appellant meets his burden of proof, the agency may still prevail if it can show by clear and convincing evidence that it would have taken

the personnel action at issue absent its perception of the appellant as a whistleblower. *Id.*

On review, the appellant reiterates the allegations he made below that members of management "knew [he] was about to blow the whistle and they went to great lengths to silence [him] before [he] could do so." PFR File, Tab 1 at 3; IAF, Tab 1 at 6, 13. He observes that, after he informed his mentor that he was a writer, the news "spread like [wildfire]" and several employees, including members of management, expressed immoderate interest in his writing endeavors. IAF, Tab 1 at 31; PFR File, Tab 1 at 4. He noted that, although he "made it clear that he was a creative writer and not a journalist," he "sensed a strange paranoia when people inquired [as to the subject matter of his] writing." IAF, Tab 1 at 31. These allegations appeared in a 20-page narrative, which the appellant clarified in his response to the Order to Show Cause was a copy of the complaint he filed with OSC. IAF, Tab 1 at 13-32, Tab 4 at 6, Tab 5 at 4-5.

Here, the appellant did not receive explicit notice of how to establish jurisdiction over an IRA appeal as a perceived whistleblower, and the defect was not corrected by the agency's submissions or by the initial decision. IAF, Tabs 4, 6-7; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (stating that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue); *Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 6 (2007) (explaining that an administrative judge's failure to provide an appellant with proper notice can be cured if the agency's pleadings or the initial decision puts the appellant on notice of what he must do to establish jurisdiction). Although it may not be necessary for an administrative judge to provide notice in every IRA appeal of how to establish jurisdiction as a perceived whistleblower, we find that the administrative judge in this case should have afforded the appellant such notice in light of his particular allegations.

**ORDER**

For the reasons discussed above, we AFFIRM, in part, and VACATE, in part, the initial decision, and REMAND this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order. The administrative judge shall notify the appellant of how to establish jurisdiction over an IRA appeal as a perceived whistleblower and afford the parties the opportunity to submit evidence and argument, including a hearing, if warranted, before adjudicating the issue on remand. *See Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 36 (2013). In the remand initial decision, the administrative judge may incorporate by reference the findings and determinations of the initial decision affirmed by this Remand Order. *Id.*

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.